Per Curiam.

The terminology employed hy defendant insurance company in this “yacht policy” is significant.
A distinction in the premium was made between the “ Navigating Period” and the “Lay-Up Period”, the former being at a rate about three times more than the latter. The assured warranted that, if “Navigating”, the insured vessel shall be confined to certain waterways of the United States. The assured further warranted that the vessel would be “ laid up ” from December 1 at noon to May 1 at noon, amended by indorsement to read from December 15 at noon to May 15 at noon. Defendant’s printed form of amendment indorsement contains a provision whereby, for a slight additional premium, “Per *495 mission is granted for the vessel insured hereunder to lay up afloat during the lay-up period ” (emphasis added). Although plaintiff did not avail himself of such permission, it will be noted that the word, “ afloat ”, appears in the policy in this context of mooring the vessel in water rather than dry-hauling it during the winter months.
The exclusion clause in question provides that the policy does not insure against “(c) Loss, damage or expense caused by or in consequence of ice and/or freezing while afloat.”
Since damage from ice or freezing or a combination of both could reasonably be expected to be a hazard when the vessel was laid up “ afloat” during the period from December 15 to May 15, it would be natural for the assured to believe that, by the use of the word 1 ‘ afloat ’ ’, this exclusion clause was directed solely to that contingency and risk. At the least, the words used in this exclusion clause are ambiguous and capable of a definition which would net include damage from floating ice while navigating. Since defendant meticulously employed the word, ‘1 navigating ’ ’, when referring to the sailing of the vessel between May 15 to December 15, it should have added the words “or navigating” after the words “while afloat” in the exclusion clause, if it intended to exclude damage from floating ice or freezing ice occurring at any time. If an exclusion of liability is intended which is not" apparent from the language used, it is the insurer’s responsibility to make its intention blear.
Here the damage occurred on December 7, while navigating during the navigating period, as the result of collision with a piece of floating ice. The 'damage was covered by this all-risk policy and not embraced in the narrowly worded exclusion clause.
Appeal: from order entered May 20, 1968, dismissed as academic, having been superseded by order entered June 28, 1968. Order entered June 28, 19.68 reversed, with $10 costs, defendant’s motion for summary judgment denied, plaintiff’s cross motion for summary judgment granted and case remanded for assessment of damages. -¡.